IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP LEE HUSKINS, ID # 1245923, )<br>Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | No. 3:06-CV-0737-H (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Ellis County conviction in Cause No. 25,984-CR. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On January 10, 2002, the State indicted petitioner for deadly conduct that allegedly occurred on or about October 2, 2001, when petitioner knowingly discharged a firearm at and in the direction of a vehicle. *See* CR[1] at 4. On May 10, 2002, petitioner pled guilty to the charged offense and was

---
[1] "CR" refers to the Clerk's Record in Cause No. 25,984-CR.

placed on three years deferred adjudication probation. *See id.* at 1, 11, 13-14. On March 5, 2004, the State moved to proceed with adjudication of guilt. *See id.* at 15. After a hearing on April 30, 2004, the court revoked petitioner's probation and sentenced him to eight years imprisonment on May 28, 2004. *Id.* at 2, 28-31.

Petitioner did not appeal his conviction or the revocation of probation. (*See* Pet. Writ of Habeas Corpus (Pet.) at 3.) On December 8, 2004, petitioner filed a state application for writ of habeas corpus. *See* CR at 34. The Texas Court of Criminal Appeals denied that application. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005) (en banc).

On or about April 24, 2006, petitioner filed the instant petition with an attached supporting memorandum. (Pet. at 1 and attachments.) On February 14, 2007, respondent filed his answer. (Answer at 1.) On or about March 12, 2007, petitioner filed a reply brief. (*See* Petr. Rebuttal to Answer, hereinafter referred to as Reply.)

**C. <u>Substantive Issues</u>**

In this action, Petitioner claims that (1) his guilty plea was rendered involuntary when he was sentenced with an express deadly weapon finding following the revocation of his probation; (2) his sentence is void and/or illegal due to an unauthorized deadly weapon finding; and (3) his due process rights were violated. (Pet. at 7; Mem. at 2-4.)

**D. <u>Procedural Issues</u>**

Respondent concedes that petitioner has sufficiently exhausted his state remedies with respect to the claims raised in this action, but seeks dismissal of the claims on grounds of untimeliness. (Answer at 2-6.) Alternatively, he addresses the claims on the merits. (*See id.* at 6-16.) Petitioner replies that his claims are timely. (Reply at 2-4.) Section 2254's one-year limitations period is not

jurisdictional. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Consequently, the Court may appropriately bypass the limitations issue and proceed directly to the merits of petitioner's claims, especially where, as here, petitioner's claims lack merit.[2]

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the AEDPA standards apply because petitioner raised all of the instant claims in his state application for writ of habeas corpus.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.

---

[2] The Court expresses no view as to the timeliness of petitioner's claims.

*Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. VOLUNTARINESS OF PLEA

Plaintiff claims that his guilty plea was rendered involuntary when the sentencing court

4

departed from his agreed plea bargain and made an express deadly weapon finding in the judgment adjudicating guilt.  (Pet. at 7; Mem. at 3.)  In addition, he claims that the entry of a deadly weapon finding in the judgment adjudicating guilt violates state law and thus renders his plea involuntary.  (Mem. at 3; Reply at 5.)  In his reply brief, he specifically indicates that he pled guilty only because he was told that the deadly weapon finding would be dismissed.  (Reply at 5.)

A plea of guilty waives a number of constitutional rights.  *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988).  Thus, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea.  *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742 (1970); *Boykin*, 395 U.S. 238; *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748).  "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'"  *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  In determining whether a plea is voluntary and intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea.  *Id.*  A guilty plea "entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)."  *See Brady*, 397 U.S. at 755.  "If a

5

defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam). The consequences of a guilty plea means only that the defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (internal quotations omitted).

In this case, petitioner entered into a plea agreement whereby he would plead guilty to deadly conduct as charged in the indictment against him in exchange for deferred adjudication probation. CR at 11. He certified that the plea agreement "fully contains <u>all</u> of the provisions of said agreement," and he signed a form which informed him that deadly conduct was a third degree felony that carried a maximum sentence of ten years and maximum fine of $10,000. *Id.* at 11, 13-14. By signing the form, petitioner affirmatively stated that he understood the consequences of his plea, and he signed a judicial confession whereby he confessed that he committed the offense as charged in the indictment. *Id.* at 14. The trial court thereafter placed him on three years deferred adjudication probation. *See id.* at 6. The order of deferred adjudication specifically stated that the trial court made no finding on use of deadly weapon. *See id.*

The record simply does not support a finding that petitioner's guilty plea was involuntary. The totality of the circumstances reflects that petitioner had a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea. Although petitioner states in his reply brief that he pled guilty so as to secure dismissal of the deadly weapon aspect of his charge, he provides nothing to support such statement. The statement is in direct conflict with his certification that the plea agreement contained all

provisions of his plea agreement. Petitioner has not overcome the presumption of regularity and "great weight" accorded state-court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records "are entitled to a presumption of regularity"). Although petitioner asserts that his plea was rendered involuntary when he was sentenced with an affirmative deadly weapon finding in violation of his plea agreement, the plea agreement contains no agreement that there would be no affirmative deadly weapon finding should he proceed to sentencing following a violation of the terms of his probation.

Additionally, although petitioner contends that the entry of a deadly weapon finding in the judgment adjudicating guilt violates state law and thus renders his plea involuntary, the Court of Criminal Appeals specifically found no violation of state law on this claim. *See Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (en banc). This Court does not review the correctness of the state court's interpretation of state law, *see Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004), and thus defers to the state court's interpretation of state law as it relates to this claim.

Given the totality of the circumstances, it is evident that petitioner fully understood the charge against him and the consequences of his plea. Thus, his plea is knowing, intelligent, and voluntary. This claim entitles petitioner to no habeas relief.

## IV. LEGALITY OF SENTENCE

Petitioner claims that his sentence is void and/or illegal because neither his plea bargain nor the order of deferred adjudication contained any reference to an affirmative finding of use or exhibition of a deadly weapon. (Pet. at 7.) He argues that the affirmative deadly weapon finding in the judgment adjudicating guilt is not authorized by state law. (*Id.*; Mem. at 3.)

7

Although petitioner attempts to frame this claim as a violation of state law, the state court of appeals specifically rejected that claim. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005) (en banc). As set forth in the appellate decision, the deadly weapon finding in the judgment adjudicating guilt did not violate state law. *Id.* It is beyond the scope of federal habeas review, to review the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004). This Court thus defers to the state court's interpretation of state law regarding the propriety of the deadly weapon finding.

Moreover, it is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claims arising out of state sentencing decisions "are not generally constitutionally cognizable" on federal habeas review unless the petitioner "is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987). Because the eight-year sentence imposed in this case clearly lies within the ten-year maximum sentence permitted for petitioner's offense, "petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' . . . or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Id.* at 924. Petitioner has not made that showing.

For the foregoing reasons, petitioner's claim regarding the legality of his sentence merits no habeas relief.

## V. DUE PROCESS

Petitioner claims that his due process rights were violated when the trial court made an affirmative finding that petitioner used or exhibited a deadly weapon during his deadly conduct offense. (Pet. at 7.) He argues that due process is violated when the oral pronouncement of sentence conflicts with the written sentence. (Mem. at 4.)

A criminal defendant has a due process right to notice of the charges against him so that he can prepare a trial defense. *Ables v. Scott*, 73 F.3d 591, 593 (5th Cir. 1996) (citing *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994)). To a lesser degree, such defendant also has a due process right to notice of sentencing issues such as an intent to seek a deadly weapon finding. *Id.* at 93-94. A Texas criminal defendant has "received constitutionally adequate notice of the possibility that the state might seek a deadly weapon finding at his sentencing" when he (1) was aware of evidence regarding a deadly weapon before deciding to plead guilty; (2) admitted to the using a deadly weapon during the commission of the charged offense; and (3) the indictment alleged the use of a deadly weapon. *Id.* at 594.

In this instance, petitioner's indictment specifically alleged the use of a firearm during the commission of the deadly conduct offense. Petitioner judicially confessed to committing the offense as charged in the indictment. He understood that discharging a firearm was part of the predicate conduct for the charge against him. Under these facts, petitioner received adequate notice that the state was seeking a deadly weapon finding as a matter of constitutional due process. *See id.* at 593-94.

In addition, the Texas Court of Criminal Appeals specifically rejected petitioner's due process claim on the merits. *Ex parte Huskins*, 176 S.W.3d 818, 820-21 (Tex. Crim. App. 2005) (en banc).

9

It found that a firearm is deadly weapon per se, and that petitioner's indictment provided sufficient notice to petitioner that the state intended to seek a deadly weapon finding because it alleged that petitioner knowingly discharged a firearm as part of the deadly conduct offense. *Id.* It further found that because the deadly weapon finding is not part of petitioner's sentence, the trial court need not orally announce such finding at sentencing when "the allegation of use of a deadly weapon is clear from the face of the indictment." *Id.* at 821. Petitioner has not shown that the adjudication of this claim by the Court of Criminal Appeals resulted in a decision that was (1) contrary to, or involved an unreasonable application of Supreme Court precedent or (2) based on an unreasonable determination of the facts in light of the evidence presented. This failure precludes federal habeas relief on this claim. *See* 28 U.S.C. § 2254(d).

For all of these reasons, petitioner's due process claim entitles him to no federal habeas relief.

## VI. EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VII. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 1st day of May, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE